UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20318-CR-GRAHAM

MAGISTRATE JUDGE
- GARBER

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(3)(B)
31 U.S.C. § 5324(b)
31 U.S.C. § 5324(d)(2)
18 U.S.C. § 982(a)(1)
31 U.S.C. § 5317(c)(1)

UNITED STATES OF AMERICA

vs.

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

Defendants.
_____/



FILED by ___ D.C.
MAG. SEC.

MAY 20 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning in or about October 1998, the exact date being unknown to the Grand Jury, and continuing through on or about March 9, 2004, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to:

(a) knowingly conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of said proceeds and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) knowingly conduct financial transactions affecting interstate and foreign commerce, involving property represented to be the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B);

## Overt Acts

In furtherance of this conspiracy and to effect the object thereof, there were committed, by at least one of the co-conspirators, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

2

1. On or about March 20, 2001, RAPHAEL SAMUEL ADOUTH and LOURDES MEULENER CHALLIOL caused ROSENTHAL JEWELERS SUPPLY CORPORATION to receive approximately $298,574 in United States currency.

2. On or about April 3, 2001, RAPHAEL SAMUEL ADOUTH and LOURDES MEULENER CHALLIOL caused ROSENTHAL JEWELERS SUPPLY CORPORATION to receive approximately $337,828 in United States currency.

3. On or about January 14, 2004, RAPHAEL SAMUEL ADOUTH and LOURDES MEULENER CHALLIOL caused ROSENTHAL JEWELERS SUPPLY CORPORATION to receive approximately $40,770 in United States currency.

4. On or about February 5, 2004, RAPHAEL SAMUEL ADOUTH and LOURDES MEULENER CHALLIOL caused ROSENTHAL JEWELERS SUPPLY CORPORATION to receive approximately $129,403 in United States currency.

5. On or about February 11, 2004, RAPHAEL SAMUEL ADOUTH and LOURDES MEULENER CHALLIOL caused ROSENTHAL JEWELERS SUPPLY CORPORATION to receive approximately $144,339 in United States currency.

6. On or about February 19, 2004, RAPHAEL SAMUEL ADOUTH and LOURDES MEULENER CHALLIOL caused ROSENTHAL JEWELERS SUPPLY CORPORATION to receive approximately $146,040 in United States currency.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2

On or about January 14, 2004, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

did knowingly conduct a financial transaction affecting interstate and foreign commerce, that is, the sale, transfer, and delivery of approximately three (3) kilograms of gold in exchange for approximately $40,770 in United States currency, involving property represented to be the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT 3

On or about January 26, 2004, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

did knowingly, willfully, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, cause and attempt to cause Rosenthal Jewelers Supply Corporation, a nonfinancial trade and business, to file a Report of Cash Payments Over $10,000 Received in a Trade or Business (IRS Form 8300), which contained a material omission and misstatement of fact, in that said report falsely represented that Rosenthal Jewelers Supply Corporation had received $40,770 in United States currency from only one individual and omitted the person on whose behalf the transaction was conducted, and committed this violation as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, in violation of Title 31, United States Code, Sections 5324(b) and 5324(d)(2), and Title 18, United States Code, Section 2.

## COUNT 4

On or about February 5, 2004, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

did knowingly conduct a financial transaction affecting interstate and foreign commerce, that is, the sale, transfer, and delivery of approximately ten (10) kilograms of gold in exchange for approximately $129,403 in United States currency, involving property represented to be the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, with the

intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT 5

On or about February 11, 2004, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

did knowingly conduct a financial transaction affecting interstate and foreign commerce, that is, the sale, transfer, and delivery of approximately eleven (11) kilograms of gold in exchange for approximately $144,339 in United States currency, involving property represented to be the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT 6

On or about February 20, 2004, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

did knowingly, willfully, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, cause and attempt to cause Rosenthal Jewelers Supply Corporation, a nonfinancial trade and business, to file a Report of Cash Payments Over $10,000 Received in a Trade or Business (IRS Form 8300), which contained a material omission and misstatement of fact, in that said report falsely represented that Rosenthal Jewelers Supply Corporation had received $144,339 in United States currency from only one individual and omitted the person on whose behalf the transaction was conducted, and committed this violation as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, in violation of Title 31, United States Code, Sections 5324(b) and 5324(d)(2), and Title 18, United States Code, Section 2.

## COUNT 7

On or about February 19, 2004, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

did knowingly conduct a financial transaction affecting interstate and foreign commerce, that is, the sale, transfer, and delivery of approximately eleven (11) kilograms of gold in exchange for

approximately $146,040 in United States currency, involving property represented to be the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.

## COUNT 8

On or about March 1, 2004, in Miami-Dade County, in the Southern District of Florida, the defendants,

**RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION,
and
ROSENTHAL, L.L.C.,**

did knowingly, willfully, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5331, and the regulations promulgated thereunder, cause and attempt to cause Rosenthal Jewelers Supply Corporation, a nonfinancial trade and business, to file a Report of Cash Payments Over $10,000 Received in a Trade or Business (IRS Form 8300), which contained a material omission and misstatement of fact, in that said report falsely represented that Rosenthal Jewelers Supply Corporation had received $146,037 in United States currency from only one individual and omitted the person on whose behalf the transaction was conducted, and committed this violation as part of a pattern of illegal activity involving more

than $100,000 in a 12-month period, in violation of Title 31, United States Code, Sections 5324(b) and 5324(d)(2), and Title 18, United States Code, Section 2.

## FORFEITURE

1. The allegations of Counts 1 through 8 of this Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1), Title 31, United States Code, Section 5317(c)(1), and the procedures outlined in Title 21, United States Code, Section 853.

2. Upon conviction of any violation of Title 18, United States Code, Section 1956, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in such offense and any property traceable to such property.

3. Upon conviction of any violation of Title 31, United States Code, Sections 5331 and 5324(b)(2), the defendants shall forfeit to the United States any property, real or personal, which was used or intended to be used in such violation, pursuant to Title 31, United States Code, Section 5317(c)(1).

4. The property subject to forfeiture includes but is not limited to the following:

    (i)    Money judgment totaling $460,000;

    (ii)    All contents of Account No. 66144567 held on account at SouthTrust Bank, 801 Brickell Avenue, Miami, Florida 33131;

    (iii)    All contents of Account No. 20369605 held on account at TotalBank, 2720 Coral Way, Miami, Florida 33145;

9

 (iv) The property located at 42 Northeast 25 Street, Miami, Florida, more particularly described as, 25 53 41 Rosewin PK PB 3-52 Lot 6 less S6FT &S85FT of Lots 7 8 & 9 & POR of Lot 7 DESC DB 3949-304 Blk 2 lot size irregular;

 (v) The property located at 50 Northeast 25 Street, Miami, Florida, more particularly described as, Rosewin Park PB 3-52 Lots 7 8 & 9 less S85FT & less PORT Lot 7 BLK 2 DESC PER D/B 4024-310 or 18919-3800 1299 2 (3).

5. If the property described above as being subject to forfeiture as a result of any act or omission of the defendants,

 (A) cannot be located upon the exercise of due diligence;

 (B) has been transferred or sold to, or deposited with a third party;

 (C) has been placed beyond the jurisdiction of the Court;

 (D) has been substantially diminished in value; or

 (E) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above or to seek the return of the property to the jurisdiction of the Court so that the property may be seized and forfeited including, but not limited to:

 (i) the property located at 42 Northeast 25 Street, Miami, Florida, more particularly described as, Rosewin PK PB 3-52 lot 10 less SELY15 FT & lot 11 NLK 2 lot size 15960 square feet or 18919-3800 1299 2 (3); and

10

(ii) the property located at 1231 Street, Bay Harbour Islands, Florida, more particularly described as Bay Harbour Island PB 46-5 Lot 16 BLK 32 Lot size 80.000 X 125 of 16468-1662 0894 1.

All pursuant to Title 18, United States Code, Section 982(a)(1), Title 31, United States Code, Section 5317(c)(1), and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON


_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


_____
YVONNE RODRIGUEZ-SCHACK
ASSISTANT UNITED STATES ATTORNEY

_____
CAMERON ELLIOT
ASSISTANT UNITED STATES ATTORNEY

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CR-GRAHAM

UNITED STATES OF AMERICA

vs.

RAPHAEL SAMUEL ADOUTH, et al.,

   Defendants.
_____/

CASE NO. 04-20318

**CERTIFICATE OF TRIAL ATTORNEY***

Superseding Case Information:

MAGISTRATE JUDGE
GARBER

**Court Division**: (Select One)

_X_ Miami  ___ Key West
___ FTL    ___ WPB    ___ FTP

New Defendant(s)           Yes ___  No ___
Number of New Defendants   ___
Total number of counts     ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   _No_
   List language and/or dialect

4. This case will take  _5_  days for the parties to try.

FILED
MAY 20 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days      _X_          Petty    ___
   II   6 to 10 days     ___          Minor    ___
   III  11 to 20 days    ___          Misdem.  ___
   IV   21 to 60 days    ___          Felony   _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)  _No_

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  _X_ Yes  ___ No

8. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999?  ___ Yes  _X_ No
   If yes, was it pending in the Central Region?  ___ Yes  ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?  _X_ Yes  ___ No

                        _____
                        YVONNE RODRIGUEZ-SCHACK
                        ASSISTANT UNITED STATES ATTORNEY
                        Florida Bar No. 0794686

*Penalty Sheet(s) attached

REV 1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.
MAG. SEC.
MAY 20 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

PENALTY SHEET

Defendant's Name: RAPHAEL SAMUEL ADOUTH     04 - 20318

Case No: _____  CR-GRAHAM

Count #: 1                                   MAGISTRATE JUDGE
                                             GARBER
CONSPIRACY TO COMMIT MONEY LAUNDERING

Title 18, United States Code, Section 1956(h)

* Max.Penalty:    Twenty (20) years' imprisonment

Counts #: 2, 4, 5 & 7

LAUNDERING OF MONETARY INSTRUMENTS

Title 18, United States Code, Section 1956(a)(3)(B)

* Max.Penalty:    Twenty (20) years' imprisonment

Counts #: 3, 6 & 8

FILING FALSE I.R.S. FORM 8300

Title 31, United States Code, Section 5324(b)

*Max. Penalty:    Ten (10) years' imprisonment

Count #:

_____

_____

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

FILED by _____ D.C.
MAY 20 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D OF FLA. · MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET   04 - 20?

**Defendant's Name:** LOURDES MEULENER CHALLIOL

Case No: _____

Count #: 1

CONSPIRACY TO COMMIT MONEY LAUNDERING

Title 18, United States Code, Section 1956(h)

* **Max. Penalty:** Twenty (20) years' imprisonment

Counts #: 2, 4, 5 & 7

LAUNDERING OF MONETARY INSTRUMENTS

Title 18, United States Code, Section 1956(a)(3)(B)

* **Max. Penalty:** Twenty (20) years' imprisonment

Counts #: 3, 6 & 8

FILING FALSE I.R.S. FORM 8300

Title 31, United States Code, Section 5324(b)

*__Max. Penalty:__ Ten (10) years' imprisonment

Count #:

_____

_____

*__Max. Penalty:__

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET  04 - 20318

FILED by ___ D.C.
MAG. SEC.
MAY 2 0 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

Defendant's Name: __ROSENTHAL JEWELERS SUPPLY CORPORATION__

Case No: _____

Count #: 1

CONSPIRACY TO COMMIT MONEY LAUNDERING

Title 18, United States Code, Section 1956(h)

* Max.Penalty:     Five (5) years' probation

Counts #: 2, 4, 5 & 7

LAUNDERING OF MONETARY INSTRUMENTS

Title 18, United States Code, Section 1956(a)(3)(B)

* Max.Penalty:     Five (5) years' probation

Counts #: 3, 6 & 8

FILING FALSE I.R.S. FORM 8300

Title 31, United States Code, Section 5324(b)

*Max. Penalty:     Five (5) years' probation

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET           04 - 20318

FILED by _____ D.C.
MAG. SEC.
MAY 2 0 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

CR-GRAHAM

**Defendant's Name:** ROSENTHAL L.L.C.

Case No: _____

Count #: 1

CONSPIRACY TO COMMIT MONEY LAUNDERING

Title 18, United States Code, Section 1956(h)

\* **Max.Penalty:**   Five (5) years' probation

Counts #: 2, 4, 5 & 7

LAUNDERING OF MONETARY INSTRUMENTS

Title 18, United States Code, Section 1956(a)(3)(B)

\* **Max.Penalty:**   Five (5) years' probation

Counts #: 3, 6 & 8

FILING FALSE I.R.S. FORM 8300

Title 31, United States Code, Section 5324(b)

\***Max. Penalty:**   Five (5) years' probation

Count #:

\***Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

Indictment Number: 04-2115-MCN-015
Federal Grand Jury

No. 04-20318-CR-GRAHAM

MAGISTRATE JUDGE
GARBER

UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

THE UNITED STATES OF AMERICA

vs.

RAPHAEL SAMUEL ADOUTH,
LOURDES MEULENER CHALLIOL,
ROSENTHAL JEWELERS SUPPLY CORPORATION, and
ROSENTHAL L.L.C.,
        Defendants.

## INDICTMENT

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(3)(B)
31 U.S.C. § 5324(b)
31 U.S.C. § 5324(d)(2)
18 U.S.C. § 982(a)(1)
31 U.S.C. § 5317(c)(1)

A true bill.

_____
Foreman

FGJ 03-05 (MIA)

Filed in open court this _____ day.

of _____ A.D. 2004

_____
Clerk

Bail, $ _____

IM DBD-34
ch 04